[*General Term, January,* 1873.]

SOLOMON KATZENBERGER ET AL. *v.* MORRIS FISHEL ET AL.

*Hoadly & Heinsheimer*, for plaintiffs in error.

*Tilden & Hyman*, for defendants in error.

O'CONNOR, J. This is a proceeding in error to reverse a judgment at Special Term.

The action below was to subject certain real estate, the title of record to which was in the wife of Solomon Katzenberger, one of the plaintiffs in error, to the payment of a certain judgment obtained by the defendants in error,

against Solomon Katzenberger. The property in question, on Seventh street, in this city, was conveyed to Fanny Katzenberger, one of the plaintiffs in error, and wife of said Solomon, by Moses Bloom, also one of the plaintiffs in error, the consideration being $6,000, of which $500 only were paid, and a mortgage given on the premises conveyed for the balance of the purchase money. In 1868, improvements were made on the property to the amount of about $7,000, as claimed by the plaintiffs in error, by and with the money of Fanny Katzenberger.

The defendants in error, whose judgment amounts to $1,659, claim in their pleading, and offer evidence tending to prove, that the $500, part of the purchase money, and the $7,000 paid for improvements, were the moneys of Solomon Katzenberger, and were furnished by him to his wife, Fanny, in whose name the deed was taken and the improvements made, with the intent to hinder, delay, and defraud creditors. On the other hand, it is claimed by the plaintiffs in error in their pleadings, and they offered evidence tending to prove, that the $500 and the $7,000 were given to Fanny Katzenberger by her son, Moses Katzenberger, a young man who, in 1866, was about twenty-one years of age, and who, as is claimed, made this money in various business transactions.

Upon this question of fact, the court in Special Term found the issue for the defendants in error, and without setting aside the deed for actual fraud, held that the transactions hindered and delayed creditors, and were therefore constructively fraudulent; and held also that the real estate in question was subject to the payment of the judgment of the defendants in error, and gave judgment accordingly.

The only question, then, before us, is whether the judgment of the court below was warranted by the evidence. It should be stated that the claim of the defendants in error was the only outstanding claim against Solomon Katzenberger, he having, after his failure, paid off all other claims

at ninety cents on the dollar, and offered to pay off this claim at the same rate, which was refused.

In the first place it should be remarked that the judgment at Special Term can not apply to the deed made to Fanny Katzenberger, nor to the $500 consideration, whether paid by her with money given her by her son Moses or not; because, as to that transaction, more than four years elapsed before the commencement of the action to set aside the deed on account of fraud, or to subject the real estate to the payment of the judgment, and therefore, as to that part of the case, the defendants in error were barred by section 15 of the statute of limitations. S. & C. 949. But after the title then conveyed in 1866, and as to the character of which it was too late for the defendants in error to inquire, improvements were placed upon the property in 1868, to the amount of about $7,000, increasing the value of the original title by that amount; and as to these improvements, the action having been commenced within four years from the time they were made, the defendants in error had the right to inquire, and the court below having found that they were paid for with the money of Solomon Katzenberger, and having given judgment as before stated, the question now is, and the only question, whether the judgment can be sustained by the testimony. The rule is, that unless the finding of the court below, or the verdict of a jury, and the judgment of the court thereon, are manifestly against the weight of the evidence, the finding and the judgment must be affirmed. The case does not stand as if this was a court of first impression, weighing the evidence for the first time. Were it so, we might be authorized upon this evidence to give judgment for the plaintiff in error. But a judgment has already been rendered by a court of competent jurisdiction, and that judgment, resting solely on the facts of the case, must be affirmed, unless clearly unauthorized by the evidence. We can not say that it was so unauthorized. There was evidence tending to prove the finding of the court, and the amount of that

evidence, and the weight of it, were submitted to the court, and the court finally passed upon it.   We think the court was warranted in coming to the conclusion at which it arrived; and yet the evidence being conflicting, had the court arrived at the opposite conclusion, we should have been equally unwilling, and would have been equally unauthorized in law, to set aside the finding and judgment.

The judgment is therefore affirmed, but should it become necessary to sell the property, inasmuch as the judgment, by reason of the statute of limitations referred to, can not reach the original title of Fanny Katzenberger, and as the interest of the defendants in error is in the improvements claimed to belong to said Fanny, only to the extent of their judgment, the mortgage for the balance of the purchase money must first be paid out of the proceeds of such sale; next the $500 paid by said Fanny as part of the purchase money; next the claim of the defendants in error and the costs, and the balance to be paid to said Fanny Katzenberger.

Judgment affirmed accordingly.